UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LORENZO EDWARD ERVIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-0832 |
| ) | JUDGE ECHOLS |
| NASHVILLE PEACE AND JUSTICE ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are the Report and Recommendation ("R&R") entered by the United States Magistrate Judge on September 23, 2009 (Docket Entry No. 133), Defendants' Motion for Summary Judgment (Docket Entry No. 114), and Plaintiff's Motion for Judgment on the Pleadings Or For A Summary Judgment (Docket Entry No. 128).

The Magistrate Judge recommends granting the Defendants' motion for summary judgment as to all claims remaining in this *pro se* employment action except for Plaintiff's claim of retaliation brought under 42 U.S.C. § 1981. Defendants did not address the retaliation claim in their motion for summary judgment. The Magistrate Judge also recommends denying Plaintiff's motion.

The Plaintiff did not file any objections to the R&R, even though he received notice from the Court that he had ten (10) days after service of the R&R within which to file any objections. Defendants filed a timely objection (Docket Entry No. 135), seeking entry of summary judgment on Plaintiff's retaliation claim or, in the alternative, an opportunity to file a supplemental summary judgment motion addressing the claim.

1

When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

Defendants state that it was their intention to move for summary judgment on all of Plaintiff's claims under § 1981, including the claim for retaliation, but their failure to "set forth the elements of the claim of retaliation or reference that claim with any greater specificity was a drafting error on the part of the Defendants' counsel." (Docket Entry No. 135 at 2.) Defendants contend that summary judgment should be granted on Plaintiff's retaliation claim for the same reason summary judgment should be granted on Plaintiff's race discrimination claim: Plaintiff cannot show that his employment termination was a pretext for retaliation. Defendants claim there is no material issue in dispute from which a jury could find in Plaintiff's favor and therefore, summary judgment should be entered on the retaliation claim or, alternatively, Defendants should be permitted to move for summary judgment and brief that issue.

Counsel who represent parties, just as *pro se* litigants like the Plaintiff, are held to the requirements of scheduling orders and the rules of procedure. Over a year ago, on September 2, 2008, the Magistrate Judge entered an R&R addressing Defendants' motion to dismiss. (Docket Entry No. 95, Report & Recommendation.) In that R & R, the Magistrate Judge pointed out that Defendants did not address all of Plaintiff's § 1981 claims, specifically Plaintiff's retaliation claim,

and noted that the Supreme Court had recently clarified in CBOCS West, Inc. v. Humphries, — U.S. —, 128 S.Ct. 1951 (2008), that a retaliation claim may be brought under § 1981. (R & R at 17.) The Magistrate Judge wrote:

> The Court finds that addressing whether summary judgment should be granted with respect to Plaintiff's Section 1981 claims would be premature at this point. If this Report and Recommendation is adopted, the claims in this action will be substantially narrowed and it will allow both parties to focus more succinctly upon all of the Section 1981 claims raised by Plaintiff, the relevant law, including the recent case of CBOCS West, and the pertinent evidence.

(Id. at 18.) This Court accepted that R&R on September 29, 2008. (Docket Entry No. 97, Order.) Thus, having once moved to dismiss without addressing Plaintiff's retaliation claim, Defendants were on clear notice after September 2008 that any future dispositive motion should address the § 1981 retaliation claim if Defendants believed the evidence and the law indicated there were no genuine issues of material fact for trial on that claim. Although Defendants now argue that this second oversight in addressing the retaliation claim warrants granting Defendants an opportunity to file a supplemental summary judgment motion, the Court will not permit any further summary judgment briefing in this nearly three-year-old case.

In their objections, Defendants include some limited argument as to why they believe summary judgment is appropriate on the merits of the retaliation claim. Without timely and thorough briefing from both sides on the issue, however, the Court will not provide an advisory opinion. The Court notes only that the legal analyses applicable to Plaintiff's race discrimination and retaliation claims are not identical, contrary to Defendants' argument that the elements of the prima facie case of the two claims are identical. The elements of the two claims are not the same. Compare Talley v. Bravo Pitino Restaurant, Ltd., 61 F.3d 1241, 1246 (6th Cir. 1995) (elements of prima facie case of race discrimination are: (1) plaintiff is a member of a protected class; (2) plaintiff

3

was subject to an adverse employment decision; (3) plaintiff was qualified for his position; and (4) plaintiff was replaced by a person outside of the protected class or similarly situated non-protected employees were treated more favorably) with Lindsay v. Yates, 578 F.3d 407, 418 n.10 (6th Cir. 2009) (elements of prima facie case of retaliation are: (1) plaintiff engaged in protected activity; (2) this exercise of protected rights was known to the defendant; (3) defendant thereafter took a materially adverse action against the plaintiff or subjected the plaintiff to severe and pervasive retaliatory harassment; and (4) there was a causal connection between the protected activity and the materially adverse action). Taking as true the content of Plaintiff's affidavit (Docket Entry No. 121), as the Court must on motion for summary judgment, there likely are material disputes of fact for trial on the retaliation claim.

Having carefully reviewed the record in the case, the Court finds that no material error of fact or law appears in the R&R. Accordingly,

(1) Defendants' Objection To Report and Recommendation Or In The Alternative Motion For Leave To File Supplemental Motion For Summary Judgment (Docket Entry No. 135) is hereby OVERRULED and DENIED.

(2) the R&R of the Magistrate Judge (Docket Entry No. 133) is hereby ACCEPTED.

(3) Plaintiff's Motion For Judgment on the Pleadings Or For A Summary Judgment (Docket Entry No. 128) is hereby DENIED.

(4) Defendants' Motion For Summary Judgment (Docket Entry No. 114) is hereby GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to all of Plaintiff's remaining claims, except the retaliation claim brought under 42 U.S.C. § 1981, and those

claims are hereby DISMISSED WITH PREJUDICE. The motion is DENIED with respect to the retaliation claim under § 1981.

This case is returned to the Magistrate Judge pursuant to the original Order of reference (Docket Entry No. 2) and to schedule a final pretrial conference and jury trial . The Magistrate Judge is directed to coordinate the setting of a trial date with Judge Echols' Courtroom Deputy.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE