# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **LORENZO EDWARD ERVIN, JR.** ) | |
| ) | |
| **v.** ) | **NO. 3:07-0832** |
| ) | **JUDGE ECHOLS** |
| **NASHVILLE PEACE AND JUSTICE** ) | |
| **CENTER, ET AL.** ) | |

## ORDER

By previous Order, this case was set for a jury trial on **Tuesday, June 8, 2010, beginning at 9:00 a.m.**, and for a Final Pretrial Conference in this Court on **Monday, May 10, 2010, at 2:30 p.m.** The pro se Plaintiff and all lawyers who will participate in the trial must attend the Final Pretrial Conference.

By the close of business on **Friday, April 30, 2010,** pro se Plaintiff shall file his theory of the case, statement of issues, relief sought at trial, witness list (list should separate "will call" and "may call" witnesses) and exhibit list, and stipulations, if any, for incorporation into a joint proposed pretrial order as described below. Counsel for Defendants shall then prepare and submit a Joint Proposed Pretrial Order to the Court by **Wednesday, May 5, 2010**, which shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendants' theory (no more than one page); (5) a statement of the issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; (8) an estimate of the anticipated length of the

trial; (9) witness lists (list should separate "will call" and "may call" witnesses); (10) exhibit lists; and (4) stipulations, if any.

By **Wednesday, May 5, 2010,** pro se Plaintiff and counsel for Defendants shall submit proposed jury instructions and verdict form as follows:

> Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities.
>
> If technologically possible, counsel for Defendants shall submit a Word Perfect 12.0 compatible computer disk of the proposed jury instructions and verdict forms with the hard copy;

By **Monday, April 26, 2010,** the parties shall file any motions in limine and any motions objecting to expert testimony. Any responses to such motions shall be filed by **Wednesday, May 5, 2010**.

Expert witness disclosures shall be made timely in accordance with Fed. R. Civ. P. 26(a)(2) or as otherwise ordered by the Court. Expert witness disclosure statements shall not be supplemented after the applicable disclosure deadline, absent leave of Court. No expert witness shall testify beyond the scope of his or her expert witness disclosure statement. The Court may exclude the testimony of an expert witness, or order other sanctions, for violation of expert witness disclosure requirements or deadlines. There shall be no rebuttal expert witnesses, absent leave of Court.

Responses to interrogatories, requests for production and requests for admissions shall be supplemented timely, if necessary, in accordance with Fed. R. Civ. P. 26(e) no later than thirty (30) days before trial, absent leave of Court. The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to supplement discovery responses.

By **Wednesday, May 5, 2010,** the parties shall file briefs on the types of damages recoverable and, for each, whether the amount is determined by the Court or the jury.

At the Final Pretrial Conference, pro se Plaintiff and counsel for Defendants shall be prepared to:

(1) discuss proposed jury instructions and verdict forms;

(2) identify and discuss undisputed facts and issues;

(3) discuss the status of discovery;

(4) preview proposed testimony;

(5) discuss expert testimony;

(6) preview proposed exhibits;

(7) discuss motions in limine;

(8) discuss pretrial briefs; and

(9) discuss settlement.

Pre-trial briefs shall be filed seven (7) working days prior to trial.

There shall be no motions to continue filed after the date of the Final Pretrial Conference absent extraordinary circumstances.

If a settlement is reached after jurors have been summoned, resulting in the non-utilization of the jurors, the costs of summoning the jurors may be taxed to the parties.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE